FILED
Aug 23, 2019
09:05 AM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| **William Michael Dodd,** | ) | **Docket No.: 2016-01-0951** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Pemberton Truck Lines,** | ) | **State File No.: 68824-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **Cherokee Insurance Company,** | ) | **Judge Audrey A. Headrick** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER
## GRANTING SUMMARY JUDGMENT

This case came before the Court on August 21, 2019, on Pemberton Truck Lines's Motion for Summary Judgment.[1] Pemberton asserts that Mr. Dodd died due to non-work-related conditions before adjudication of his claim, and his death precludes further litigation of this claim. Thus, there is no genuine issue of material fact, and Pemberton is entitled to summary judgment as a matter of law. For the reasons below, the Court finds Pemberton is entitled to summary judgment.

*Procedural History*

The Court summarizes the factual background to this motion as follows. Mr. Dodd, an over-the-road truck driver, allegedly sustained multiple injuries in a July 25, 2016 motor vehicle accident. Mr. Dodd received authorized medical treatment, including surgeries, from various providers. One provider, Dr. David Hovis, placed him at maximum medical improvement for his shoulder injury on October 12, 2017, and the next day assigned a six-percent impairment rating.

Mr. Dodd was non-compliant with his treatment, overdosed twice, and suffered from serious, non-work-related health conditions. Due to his non-compliance, Pemberton

---

[1] The Court gleaned the facts from Pemberton's statement of undisputed facts, pleadings, and exhibits.

denied benefits. Mr. Dodd filed a Petition for Benefit Determination and later died from non-work-related conditions.

Pemberton filed this Motion for Summary Judgment, along with a statement of undisputed facts, a memorandum of law, and stipulated exhibits. Counsel for Mr. Dodd did not file a response.

Attorney John Dreiser appeared on behalf of Mr. Dodd. During the hearing, the Court overheard Mr. Dreiser speaking in the background but was unable to discern his words. When the Court provided Mr. Dreiser with the opportunity to speak, his assistant spoke and stated, "Okay, I'm sorry. One moment, please. [Mr. Dreiser] had to step away from his desk. I'm sorry." Approximately thirty seconds later, Mr. Dreiser returned, and the following exchange occurred:

> Mr. Dreiser: Yeah. What do you need from me?
> Court: This is your opportunity to respond if you wish to do so, Mr. Dreiser.
> Mr. Dreiser: Mr. Dodd is dead.
> Court: Okay. Anything else you want to add?
> Mr. Dreiser: Mr. Dodd is dead.
> Court: Okay. Thank you both.
> Mr. Dreiser: We had already closed this file like I said. I'm cooperating as a courtesy to [Mr. Heard] on this, but we already closed our file and we are done with this[.][2]

*Law and Analysis*

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To meet this standard, Pemberton must either: (1) submit affirmative evidence that negates an essential element of Mr. Dodd's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Pemberton satisfies this burden, Mr. Dodd must then establish that the record contains specific facts upon which a trier of fact could base a decision in his favor. *Rye*, at 265.

Here, Pemberton submitted proof that Mr. Dodd died from non-work-related conditions before either settling or trying his claim. Tennessee Code Annotated section 50-6-207(3)(A) (2018) provides for permanent disability benefits "adjudged to be

---

[2] Mr. Dreiser never filed a motion to withdraw. After an attorney files any signed document with the Clerk or Bureau, Rule 0800-02-21-.04(3) of the Tennessee Compilation Rules and Regulations (Aug. 2019) provides that "[r]epresentation continues until the case concludes, including all appeals or until withdrawal from representation is approved by a judge."

permanent, at the time the injured employee reaches maximum medical improvement." The statute does not provide for a claim to survive an employee's death due to non-work-related conditions. Thus, the Court holds that Pemberton met its burden of negating an essential element of Mr. Dodd's claim: his non-work-related death before adjudication of his claim terminates the right to any benefits.

Since Pemberton met its burden, the Court considers whether Mr. Dodd identified facts showing a genuine issue for trial. As Mr. Dodd failed to respond to the motion as required by Rule 56, he cannot dispute any of the facts Pemberton asserted in its statement of material facts. *See United Serv. Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, \*4 (Tenn. Ct. App. Sept. 28, 1988) ("An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence of response only precludes factual disputes."). The Court, therefore, finds Mr. Dodd failed to identify any facts showing a genuine issue for trial.

In sum, the undisputed facts establish that Mr. Dodd died from non-work-related conditions before adjudication of his claim. Having carefully reviewed and considered the evidence in the light most favorable to Mr. Dodd, the Court holds Pemberton has demonstrated that his evidence is insufficient to establish a genuine issue of material fact.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants Pemberton's motion for summary judgment and dismisses Mr. Dodd's claim with prejudice to its refiling.

2. Absent an appeal, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Pemberton under Tennessee Compilation Rules and Regulations 0800-02-21-.06, for which execution may issue as necessary.

4. Pemberton shall pay the filing fee to the Clerk within five business days of the order becoming final.

5. Pemberton shall file form SD-2 to the Clerk within ten business days of this order becoming final.

**It is ORDERED.**

**ENTERED August 23, 2019.**

Audrey A. Headrick
Workers' Compensation Judge

4

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 23, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| John Dreiser, Employee Attorney | | X | john@farmerdreiser.com |
| Stephen K. Heard, Employer Attorney | | X | skheard@cclawtn.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5